OPINION *Page 2 
{¶ 1} On October 25, 2005, Ohio State Highway Patrol Trooper Roy Beach cited appellant, Bruce Kandel, for driving a motor vehicle while under the influence in violation of R.C. 4511.19, and driving left of center in violation of R.C. 4511.25.
 {¶ 2} A jury trial was held on May 9, 2006. At the conclusion of the state's casein-chief, appellant made a Crim.R. 29 motion for acquittal. The trial court denied the motion. The jury found appellant guilty of the R.C. 4511.19 charge, and the R.C. 4511.25 charge was dismissed. By judgment entry filed May 30, 2006, the trial court sentenced appellant to thirty days in jail, twenty-seven days suspended. Appellant was given the opportunity to substitute the three days in jail with the jail alternative program.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AND PREJUDICED APPELLANT IN OVERRULING THE CRIMINAL RULE 29 MOTION AT THE CONCLUSION OF THE STATE'S CASE IN FINDING THAT SUFFICIENT EVIDENCE HAD BEEN PRESENTED TO FIND HIM GUILTY OF THE OFFENSE OF DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL."
 II {¶ 5} "THE JURY VERDICT OF `GUILTY IN THIS MATTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 I, II {¶ 6} Appellant's two assignments of error challenge the sufficiency of the evidence under Crim.R. 29, and the jury's verdict as being against the manifest weight of the evidence. Because both involve a review of the evidence, we will discuss them jointly.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have *Page 4 
found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 12} Appellant was convicted of driving under the influence in violation of R.C. 4511.19(A)(1)(a) which states, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply: * * * The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 13} Appellant argues there was insufficient evidence presented to support the issue of impairment.
 {¶ 14} The sole witness for the state was Trooper Beach. Trooper Beach initiated the stop because appellant "swung out approximately half of a car width, half of the truck width, left of the center line, made a right hand turn on to Swonger Road also without using a turn signal." T. at 57-58. Upon being asked by Trooper Beach to produce his driver's license, registration, and insurance card, appellant handed him his *Page 5 
driver's license and insurance card. T. at 58. Appellant appeared confused between his insurance card and his registration. T. at 59-60.
 {¶ 15} Trooper Beach testified appellant appeared to have "bloodshot and glassy" eyes, and he noticed "a strong odor of an alcoholic beverage coming from the vehicle." T. at 60. Trooper Beach then administered the horizontal gaze nystagmus test, the one leg stand test, and the walk and turn test. T. at 62.
 {¶ 16} On the horizontal gaze nystagmus test, appellant tested positive for six out of "six indicators of alcohol consumption." T. at 70. Prior to performing the one leg stand test, appellant told Trooper Beach he was having a problem with his right foot because he had been stepped on by a horse. T. at 72. Trooper Beach gave appellant the opportunity to choose which foot, and advised him that he might want to perform the test on his good foot. T. at 73. In performing the test, appellant "picked his bad foot up off the ground" and did not complain of ankle pain or limp. T. at 121, 123. Trooper Beach observed three out of the four indicators for intoxication. T. at 74. At this point, Trooper Beach felt appellant was under the influence of alcohol, but decided to go ahead with one more test. T. at 75. In performing the walk and turn test, appellant exhibited seven out of eight indicators. T. at 78. Thereafter, Trooper Beach arrested appellant for operating a motor vehicle while under the influence of alcohol. T. at 79.
 {¶ 17} We note the jury had the opportunity to view the videotape of the stop and the field sobriety tests. T. at 88-89; Joint Exhibit 1.
 {¶ 18} Under the standard of review for a Crim.R. 29 motion for acquittal, we find the trial court did not err in denying the motion. *Page 6 
 {¶ 19} Appellant's wife, Ann Kandel, testified when she picked up appellant from the police barracks, he appeared normal with no slurred speech and in control of his mental faculties. T. at 128-129. Appellant testified he had consumed not even two beers prior to the stop. T. at 137-138, 144. Appellant explained his turn onto Swonger Road as follows:
 {¶ 20} "I didn't go as far left of center as what the Trooper perceived, you know. Usually I hang right on the line of the double yellow line. I drive a full size extended cab pickup which is about a foot and a half longer in wheel base than a normal pickup and so my turning radius isn't as sharp and because there's a culvert drain right there during the summer we — I mean that Fall we had a lot of rain and it washed out the road and it left about a three foot gap there." T. at 140; Defendant's Exhibits 1, 2, and 3.
 {¶ 21} Appellant explained his perceived confusion over his registration and his insurance card was a result of not having his "concealed carry" in plain view as required by law, and because "my wife takes care of, you know, putting the license plate stickers on and putting the insurance and that kind of stuff that I didn't know which envelope she had what in * * *." T. at 142-143. Appellant testified he explained to Trooper Beach that his "daughter's horse had tramped on my ankle about a week and a half, two weeks ago," and he explained to the jury "I don't believe my body is built for balance" because to this day he cannot perform the one leg stand test. T. at 145, 151.
 {¶ 22} The triers of fact were faced with two different versions of the turn onto Swonger Road, the road conditions, and appellant's performance on the field sobriety tests. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied *Page 7 
(1990), 498 U.S. 881. Clearly the jury chose Trooper Beach's version over appellant's with the assistance of the videotape of the stop.
 {¶ 23} Upon review, we find sufficient credible evidence, if believed, to substantiate the guilty finding beyond a reasonable doubt, and no manifest miscarriage of justice.
 {¶ 24} Assignment of Errors I and II are denied.
 {¶ 25} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed. *Page 1